UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYDNEY DUCHARME

VERSUS

RED FROG EVENTS, LLC
ET AL.

CIVIL ACTION

NO. 17-1641-BAJ-EWD

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 1, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYDNEY DUCHARME

VERSUS

RED FROG EVENTS, LLC
ET AL.

CIVIL ACTION

NO. 17-1641-BAJ-EWD

**RECOMMENDATION**

Before the court is: (1) a Consent Motion to Remand ( the "Consent Motion to Remand")[1] filed by defendant, Red Frog Events, LLC ("Red Frog"), and plaintiff, Sydney Ducharme ("Plaintiff"); and (2) a Motion to Remand[2] previously filed by Plaintiff ("Plaintiff's Motion to Remand"). Both Motions were referred to the undersigned for a recommendation. For the reasons set forth herein, the undersigned recommends that the Consent Motion to Remand[3] be GRANTED and this matter be REMANDED to the 20th Judicial District Court, Parish of West Feliciana, State of Louisiana. The undersigned further recommends that Plaintiff's Motion to Remand[4] be DENIED AS MOOT.

**I.    Background**

Red Frog removed this suit on November 9, 2017 based on diversity jurisdiction under 28 U.S.C. § 1332.[5] On February 2, 2018, Plaintiff filed a Motion to Remand based on a Stipulation[6] executed by her counsel.[7] On February 8, 2018, Red Frog filed a Notice whereby it indicated that

---

[1] R. Doc. 16.

[2] R. Doc. 13.

[3] R. Doc. 16.

[4] R. Doc. 13.

[5] R. Doc. 1.

[6] R. Doc. 13-1.

[7] R. Doc. 13.

it intended to oppose Plaintiff's Motion to Remand.[8]  On February 20, 2018, however, Red Frog filed the Consent Motion to Remand based on an Affidavit and Irrevocable and Binding Stipulation[9] executed by Plaintiff that same date.  Per the Consent Motion to Remand, Red Frog avers that it moves to remand this matter to state court "with the consent of Plaintiff…and all other named and served defendants…."[10]

## II.    Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.  *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).[11]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.

---

[8] R. Doc. 15.

[9] R. Doc. 16-1.

[10] R. Doc. 16, p. 1.

[11] No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

*Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice ... does not permit demand for a specific sum ... [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). "In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, Civil Action No. 08-208, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)). The removing party may make this showing by either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

Here, Red Frog has not met its "burden to show that the jurisdictional amount is facially apparent for present purposes, nor…made a showing sufficiently particularized to meet [their] burden." *Becnel v. State Farm Fire & Cas. Co.*, Civil Action No. 07-6742, 2007 WL 4570821, at *1 (E.D. La. Dec. 26, 2007).[12] Instead, Red Frog has filed a Consent Motion to Remand based on

---

[12] In response to a November 14, 2017 Order, Red Frog submitted a Supplemental Memorandum regarding the amount in controversy. *See*, R. Docs. 3 & 5. In that Supplemental Memorandum, Red Frog asserted that the amount in controversy was met because Plaintiff had alleged injuries to her "entire body" and because Plaintiff had failed to respond to Red Frog's "consistent attempts to obtain additional information regarding Plaintiff's injuries." R. Doc. 5, p. 2.

4

an Affidavit and Irrevocable and Binding Stipulation indicating that the jurisdictional amount is not in controversy.

"This court routinely remands cases to state court where the parties file a joint or uncontested motion to remand based on a stipulation that the amount in controversy does not exceed the jurisdictional amount." *Jackson v. Perez*, Civil Action No. 13-504, 2013 WL 5741757, at * 2 (M.D. La. Oct. 22, 2013) (citing, *inter alia*, *Eakels v. Allstate Ins. Co.*, Civil Action 10-657, 2011 WL 289824 (M.D. La. Jan. 3, 2011) (recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiff stipulated that her damages were less than $75,000.00), report and recommendation adopted, 2011 WL 289669 (M.D. La. Jan. 25, 2011)); *Bennet v. State Farm Fire & Cas. Co.*, Civil Action No. 10-636, 2011 WL 2932512 (M.D. La. June 3, 2011) (in spite of defendant's opposition, recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiffs submitted a binding stipulation providing that the amount in controversy was less than $75,000.00 and renouncing their rights to enforce a judgment exceeding that amount), report and recommendation adopted, 2011 WL 2843051 (M.D. La. July 18, 2011).  *See also*, *Morton v. State Farm Ins. Co.*, Civil Action No. 08-208, 250 F.R.D. 273, 275 (E.D. La. 2008) ("The Court has consistently recognized that even if a stipulation may not be 'binding' for purposes of La. Code Civ. P. art. 862…it is, nonetheless, strong evidence of the jurisdictional amount….").

Red Frog has not established this court's subject matter jurisdiction and has essentially acknowledged such in filing the Consent Motion to Remand.

5

### III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Consent Motion to Remand[13] be GRANTED and this matter be REMANDED to the 20th Judicial District Court, Parish of West Feliciana, State of Louisiana. The undersigned further recommends that Plaintiff's Motion to Remand[14] be DENIED AS MOOT.

Signed in Baton Rouge, Louisiana, on March 1, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 16.

[14] R. Doc. 13.